IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-860-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VINSON PERSONAL PROPERTY, | ) | |
| SPECIFICALLY DESCRIBED AS: | ) | |
| A BERETTA PISTOL, MODEL 21-A, | ) | |
| .25 CALIBER, SEMI-AUTOMATIC, | ) | |
| BLUE FINISH, 2.5 INCH BARREL, | ) | |
| 4.75 INCHES OVERALL, | ) | |
| SERIAL NUMBER BES28683V, | ) | |
| AND ANY AND ALL | ). | |
| ACCOMPANYING AMMUNITION; | ) | |
| EIGHT (8) ROUNDS OF REMINGTON | ) | |
| .25 CALIBER AMMUNITION; | ) | |
| AND FOURTEEN (14) ROUNDS OF | ) | |
| FIOCCHI .357 CALIBER AMMUNTION | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Motion for Default Judgment [DE-10]. For the reasons stated below, the motion is DENIED without prejudice.

## I. PROCEDURAL HISTORY

The Government initiated this action by filing a Complaint for Forfeiture In Rem [DE-1] in this court on December 18, 2013, alleging that the Defendant property was "used in a knowing violation of 18 U.S.C. § 922(g) in that they were possessed in or affecting commerce by a person who has been convicted in court of a crime punishable by imprisonment for a term exceeding one year and are, therefore, subject to forfeiture to the United States of America pursuant to 18 U.S.C.

§ 924(d)(1)." *Id.* ¶ 5. Specifically, the Government alleges:

> 3. The defendant firearm and ammunition were seized on August 10, 2011, in Wayne County, Goldsboro, North Carolina from Leon Vinson, Jr. . . . .
> 4. On August 9, 2011, the Goldsboro/Wayne County Drug Squad received information from a confidential and reliable source that was known to law enforcement that drug activity was being conducted at 721 Bain Street in Goldsboro, North Carolina an that drugs were being sold by a male named Leon Vinson. Information was also relayed to law enforcement that Vinson was in possession of a firearm. On August 10, 2011, a search warrant was executed on the address by the Goldsboro/Wayne County Drug Squad, Goldsboro Selective Enforcement Uni, and the Goldsboro Warrant Division. The defendant properties were seized from Leon Vinson, Jr. along with other items during the search of his residence on August 10, 2011. Vinson was arrested for possession of marijuana, possession of drug paraphernalia, and possession of a firearm by a convicted felon.

*Id.* ¶¶ 3-4.

In accordance with Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court issued a "Warrant of Arrest and Notice In Rem" [DE-4] on December 20, 2013. The Warrant of Arrest and Notice In Rem specifically is directed "To: THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES FOR THE EASTERN DISTRICT OF NORTH CAROLINA" and contains the following two-sentence instruction:

> YOU ARE, THEREFORE, hereby commanded to arrest, attach, and retain the above-described property until the further order of this Court respecting the same; to give due notice to all persons claiming the same, knowing or having anything to say why the same should not be condemned and disposed of pursuant to the prayer of the Complaint, that they must file their claims to the property within thirty-five (35) days after the earlier of (a) the date this Warrant of Arrest and Notice In Rem is sent, as defined by Supplemental Rule G(4) (b) (iv) or (b) from completed publication of the notice of filing of the Complaint, if required, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, and shall serve and file their answers within twenty-one (21) days after the filing of the claim, with the Office of the Clerk, United States District Court, Eastern District of North Carolina, 310 New Bern Avenue, P.O. Box 25670, Raleigh, North Carolina 27601-1481, with a copy thereof sent to Assistant U. S. Attorney, Stephen A. West, 310 New Bern Avenue, Federal Building, Suite 800, Raleigh, North Carolina 27601-1461. The claim must, at a minimum, identify the specific property claimed,

2

identify the claimant and state the claimant's interest in the property, and be signed
by the claimant under penalty of perjury, as provided by Supplemental Rule G(5).

Warrant of Arrest and Notice In Rem [DE-3] at 2-3. .

On March 20, 2014, the Government filed a "Notification of Service" [DE-6] asserting that service was effected on the defendants and Leon Vinson. That same day, the Government also filed a Declaration of Publication [DE-7] stating that a notice of civil forfeiture was posted on an official government internet cite for at least 30 consecutive days.

Thereafter, the Government filed a Motion for Entry of Default [DE-9] and Motion for Default Judgment [DE-10]. The Clerk of Court allowed the Motion for Entry of Default and submitted the Motion for Default Judgment to the undersigned.

## II. ANALYSIS

As explained below, the Government's Motion for Default Judgment [DE-10] is DENIED for failure to comply with Supplemental Rule G(4)(b)(i) and the Due Process Clause of the Fifth Amendment.

The Due Process clause of the Fifth Amendment prohibits the deprivation of property without "due process of law." U.S. Const., Amend. V. Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). Accordingly, Supplemental Rule G(4) sets forth how a plaintiff must provide notice in an asset forfeiture case to ensure due process of law. Fed. R. Civ. P. Supp. R. G(4). Supplemental Rule G(4)(a) requires the Government to publish notice of the forfeiture action in a newspaper of general circulation within the district where the court sits once a week for three consecutive weeks. The Government also must send direct notice to "any person who reasonably

3

appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim." Fed. R. Civ. P. Supp. R. G(4)(b)(i).

The court presided over the criminal action that is related to this case, *United States v. Vinson*, 5:12-CR-295-F-1. In that action, Leon Vinson was indicted for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. He entered a plea of guilty to that charge on June 3, 2013, and was sentenced to 24 months imprisonment on October 1, 2013. In connection with this criminal action, a Presentence Investigation Report was prepared and filed with the court, and provided to both the Government and Leon Vinson. Information in the Presentence Investigation Report suggests that some of the Defendant property in this case, if not all of it, may belong to another individual or individuals. Presumably the Government, as a party to that criminal action that received a copy of the Presentence Investigation Report, is aware of this information.

Given that the Government has been in possession of information that the Defendant property may belong to other individuals; and that, as the prosecuting authority in the related criminal action, the Government presumably has knowledge of the identity of those individuals, the court cannot find that a copy of the Complaint in this action was served upon all the individuals who reasonably appear to be a potential claimant of the Defendant property. The court, accordingly, cannot find that the Government complied with Supplemental Rule G(4)(b)(i) or the Due Process clause of the Fifth Amendment.

The Government's Motion for Default Judgment [DE-10] is DENIED without prejudice. The Government is ORDERED to send, within 30 days of the filing date of this order, Notice of this proceeding to the individuals identified as being the potential owners of the Defendant Property in

4

accordance with Supplemental Rule G(4)(b)(ii)-(iii). The Government is ORDERED to, within 45 days, file proof of such service, or an affidavit showing why such service is not necessary, unreasonable, or impossible.

Moreover, the court recognizes that Supplemental Rule G(5)(ii)(B) provides that a person must file a claim "no later than 30 days after final publication of newspaper notice or legal notice" or "no later than 60 days after the first day of publication on an official internet government forfeiture site" if "notice was published but direct notice was not sent to the claimant or the claimant's attorney." Given the circumstances of this case, the court finds that good cause exists to allow the potential claimant(s) 35 days from the date the required notice is sent as provided in this order.

SO ORDERED.

This the 10th day of October, 2014.

James C. Fox
Senior United States District Judge